1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,               Case No.:  18-CR-2611-GPC
12                          Plaintiff,
13  v.                                      **ORDER DENYING DEFENDANT'S**
                                            **MOTION TO REDUCE SENTENCE**
14  AARON A. BOOKER,                        **PURSUANT TO 18 U.S.C. §**
                                            **3582(c)(1)(A)(i)**
15                          Defendant.
16                                          **[ECF No. 180]**

17

18                          **INTRODUCTION**

19       On March 29, 2023, Defendant Aaron Booker ("Defendant" or "Booker") filed a

20  Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 180. On

21  April 3, 2023, the Government filed a Response. ECF No. 182. On April 5, 2023,

22  Defendant filed a Reply. ECF No. 183. On April 6, 2023, a hearing was held, (ECF No.

23  184), and on April 10, 2023, Defendant filed a supplemental statement of facts, (ECF No.

24  187). On April 10, 2023, the Court held a hearing and took the matter under submission.

25  ECF No. 188. For the reasons that follow, Defendant's Motion is **DENIED**.

26
27
                              1
28                                                        18-CR-2611-GPC

**BACKGROUND**

On July 25, 2022, Defendant was convicted of theft of government property and sentenced to two months imprisonment and one-year supervised release with 180 days home detention. ECF No. 174. He is presently incarcerated at FCI Sandstone with a projected release date of May 12, 2023. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.

Booker seeks compassionate release for reasons related to his "chronic, major and relapsing depression" and PTSD. ECF No. 180-1 at 1.[1] At a status hearing on February 6, 2023, Defendant stated that he required the medication Mirtazapine to treat his depression as well as a CPAP machine to address sleep apnea. *Id.* at 2. Defendant's Motion states that prior to his self-surrender, Defendant communicated with Theresa Tlaplacido at the Metropolitan Correctional Center ("MCC") who represented that she would send prescriptions and records to the correct individuals *Id.* Defendant states Tlaplacido also said FCI Sandstone, where he was to be incarcerated, had CPAP machines. *Id.* Defendant's Motion states that on March 17, 2023, Tlaplacido represented that all of Defendant's prescriptions were in his electronic medical records. *Id.* at 3. Booker states he also took copies of all his prescriptions when he self-surrendered to FCI Sandstone on March 16, 2023. *Id.*

Filed March 29, 2023, Defendant's Motion states that Defendant reported he had not received any prescription medication or a CPAP machine since his self-surrender date. *Id.*[2] As a result, Defendant "has been unable to sleep and is feeling the effects of

---

[1] Page citations refer to CM/ECF page citations.

[2] This fact is disputed. In its Opposition, the Government asserts that Defendant was prescribed and provided Mirtazapine on March 29, 2023 and a CPAP machine on April 3, 2023. ECF No. 182 at 2, 5. Defendant's Reply states that actually the medication was not

18-CR-2611-GPC

1    stopping the Mirtazapine, cold turkey, The situation is ripe for a triggering event that

2    could send [him] into a major depressive spiral . . . ." *Id.* at 4. Defendant argues this

3    presents extraordinary and compelling reasons justifying a grant of compassionate release

4    and that he is not a "danger to the community as evidence by his two-year term on pre-

5    trial release." *Id.* at 6.

6        In the supplemental statement of facts submitted by Defendant on April 10, 2023,

7    Defendant counsel states that Defendant was without his medication, including

8    Mirtazapine and his CPAP machine, from March 16 to April 3. ECF No. 187 at 1. He

9    states this is "the longest he had been without his medication in seven years" and this

10   abrupt withdrawal "while going through a dramatic and stressful environmental change,

11   has already triggered significant symptoms of anxiety and depression." *Id.*

12       Mr. Booker is approximately 35 years old. ECF No. 164 at 2. Defendant's only

13   criminal history relates to a misdemeanor driving with a suspended or revoked license in

14   2008. In his supplemental statement of facts, Booker states he filed a request for

15   compassionate release with the FCI Sandstone Warden on March 31, 2023. ECF No. 187

16   at 2.

17                                    **DISCUSSION**

18       Booker moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in

19   relevant parts that "[t]he court may not modify a term of imprisonment once is has been

20   imposed," except:

21           (A) the court, . . . upon motion of the defendant after the
             defendant has fully exhausted all administrative rights to appeal
22           a failure of the Bureau of Prisons to bring a motion on the
             defendant's behalf or the lapse of 30 days from the receipt of such
23

24   ————————————————

25   ordered until March 31, 2023, and it was not offered to him until April 3, 2023. ECF No.

26   183 at 2.

27

28

18-CR-2611-GPC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

> a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are four questions before the Court: (1) Whether Booker has satisfied the administrative exhaustion requirement; (2) whether Booker has demonstrated extraordinary and compelling reasons for a sentence reduction; (3) whether any reduction in Booker's sentence would be consistent with applicable policy statements issued by the Sentencing Commission; and (4) whether the § 3553(a) factors, to the extent they are applicable, weigh against Booker's sentence reduction. *See also United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (discussing steps a district court must take to grant or deny a motion for compassionate release under the First Step Act). Here, given that Booker has not satisfied the exhaustion requirement, the Court is unable to grant relief at this time. Booker may, however, refile once exhaustion is met.

## I.     Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement necessitating a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court for release. Under this requirement, courts may consider a motion for compassionate release only if defendant has either fully exhausted all administrative remedies or 30 days have lapsed from the receipt of such a compassionate release request by the warden, whichever is earlier. The exhaustion requirement is a mandatory-claim processing rule, not a jurisdictional bar, and as such, the requirement is waivable. *United*

4

1    *States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021). However, a court must enforce

2    exhaustion when the issue is properly invoked by the government. *Id.*

3         Here, Defendant argues that the Government waived exhaustion at the sentencing

4    hearing "when the Court indicated that it would consider an emergency motion for

5    compassionate release if Mr. Booker did not timely receive his medications" and the

6    Government "made no objection." ECF No. 180-1 at 6. Defendant argues that "[b]y so

7    doing, the government effectively agreed to a waiver [of] the exhaustion requirement for

8    this motion." *Id.* The Government raised exhaustion in its Opposition to Defendant's

9    Motion. ECF No. 182 at 6.

10        The Court finds that the Government did not waive exhaustion at the time of the

11   sentencing hearing. To find otherwise would impose a harsh rule on the Government in

12   that it must object any time the possibility of a future emergency motion for

13   compassionate release is raised. At the time of the sentencing hearing, the Government

14   did not have the facts before it that it does now. For example, although Defendant did not

15   receive his medication or the use of a C-PAP machine for the first two and a half weeks

16   of his incarceration, he now has access to both, and presumably this factors into the

17   Government's decision whether to waive the exhaustion requirement. At the time of the

18   sentencing hearing, there were many unknowns regarding Mr. Booker's incarceration.

19        Further, the Defendant in *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir.

20   2021), filed an administrative request for sentence reduction on January 7, 2021 and eight

21   days later filed his motion for compassionate release in the district court. *Keller*, 2 F.4th

22   at 1281. Although the district court ruled on Keller's motion after the expiration of the

23   exhaustion period, the Ninth Circuit stated that this was error on the part of the district

24   court because a defendant must first file their motion in district court *after* the expiration

25   of the exhaustion period. *Id.* at 1283. It is not enough for the court to wait until the lapse

26   of the exhaustion period to issue its ruling.

27

28

18-CR-2611-GPC

1    Here, Booker filed his Motion in this Court before submitting his request to the

2  Warden. The Government has not waived exhaustion and properly invoked the issue in

3  its Opposition. Thus, the Court finds that Booker has not properly exhausted

4  administrative remedies, and his Motion must be **DENIED** without prejudice. Booker

5  "remains free to file a new motion in the district court *after* exhausting his administrative

6  remedies with the BOP." *Id.* at 1284 (emphasis added).

### CONCLUSION

8    For the reasons set forth above, Defendant's Motion for Compassionate Release

9  pursuant to 18 U.S.C. § 3582(c) is **DENIED**. Defendant is invited to file a renewed

10 Motion for Reduction of Sentence once exhaustion is met.

11    **IT IS SO ORDERED.**

12 Dated:  April 18, 2023

Hon. Gonzalo P. Curiel
United States District Judge

18-CR-2611-GPC