UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AARON A. BOOKER,<br><br>　　　　　　　　　　Defendant. | Case No.:  18-CR-2611-GPC<br><br>**ORDER GRANTING MOTION FOR REDUCTION OF SENTENCE**<br><br>**[ECF No. 190]** |

## I.　INTRODUCTION

On April 27, 2023, Defendant Aaron Booker ("Defendant" or "Booker") filed a Motion for Compassionate Release. ECF No. 190. The Government does not oppose Booker's Motion "once the 30-day exhaustion period runs on April 30, 2023." *Id.* at 2. For the reasons that follow, Defendant's Motion is **GRANTED**.

## II.　BACKGROUND

On July 25, 2022, Defendant was convicted of theft of government property and sentenced to two months imprisonment and one-year supervised release with 180 days home detention. ECF No. 174. He is presently incarcerated at FCI Sandstone with a projected release date of May 12, 2023. *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/. Mr. Booker is approximately 35 years old. ECF No. 164

1

at 2.[1] Defendant's only criminal history is a 2008 misdemeanor for driving with a suspended or revoked license.

Booker seeks compassionate release for reasons related to his "chronic, major and relapsing depression" and PTSD. ECF No. 190; *see also* ECF No. 180-1 at 1 ("first Motion"). Defendant takes Mirtazapine to treat his depression and uses a C-PAP machine for sleep apnea. ECF No. 180-1 at 2. Booker's first Motion stated that he had not received any prescription medication or a C-PAP machine since his self-surrender on March 16, 2023. *Id.* at 3.[2] As a result, Defendant was "unable to sleep and [was] feeling the effects of stopping the Mirtazapine, cold turkey. The situation [was] ripe for a triggering event that could send [him] into a major depressive spiral . . . ." *Id.* at 4.

Booker now has access to his medication and C-PAP machine. However, in a supplemental statement of facts submitted by Defendant on April 10, 2023, Defense counsel states that Defendant was without his medication and C-PAP from March 16 to April 3. ECF No. 187 at 1. He stated this was "the longest he had been without his medication in seven years" and this abrupt withdrawal "while going through a dramatic and stressful environmental change, [] triggered significant symptoms of anxiety and depression." *Id.* The Court denied Booker's first Motion because exhaustion was not met, and the Government had not waived the exhaustion requirement. ECF No. 189.

On April 27, 2023, Booker filed an "Unopposed, Renewed" Motion for Compassionate Release. ECF No. 190. Booker's renewed Motion requests compassionate release upon the lapse of the 30-day exhaustion period on the grounds that he "continues

---

[1] Page citations refer to CM/ECF page citations.

[2] This fact is disputed. In its Opposition, the Government asserts that Defendant was prescribed and provided Mirtazapine on March 29, 2023 and a CPAP machine on April 3, 2023. ECF No. 182 at 2, 5. Defendant's Reply states that actually the medication was not ordered until March 31, 2023, and it was not offered to him until April 3, 2023. ECF No. 183 at 2.

to experience symptoms caused by the sudden cessation of prescription medication" and "sleepless nights" due to his medication schedule. *Id.* at 1. Defense counsel states that "AUSA Conover does not oppose a grant of compassionate release by this Court once the 30-day exhaustion period runs on April 30, 2023." *Id.* at 2.

### III. DISCUSSION

Booker moves for release under 18 U.S.C. § 3582(c)(1)(A), which provides, in relevant parts that "[t]he court may not modify a term of imprisonment once is has been imposed," except:

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>> (i) extraordinary and compelling reasons warrant such a reduction;
>
> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, there are four questions before the Court: (1) Whether Booker has satisfied the administrative exhaustion requirement; (2) whether Booker has demonstrated extraordinary and compelling reasons for a sentence reduction; (3) whether any reduction in Booker's sentence would be consistent with applicable policy statements issued by the Sentencing Commission; and (4) whether the § 3553(a) factors, to the extent they are applicable, weigh against Booker's sentence reduction. *See also United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022) (discussing steps a district court must take to grant or deny a motion for compassionate release under the First Step Act).

3

### A.   Exhaustion Requirement

Section 3582(c)(1)(A) imposes an exhaustion requirement requiring a defendant to fully exhaust all administrative rights to appeal before a defendant may move the court for release.  Under this requirement, courts may consider a motion for compassionate release only if defendant has either fully exhausted all administrative remedies or 30 days have lapsed from the receipt of such a compassionate release request by the warden, whichever is earlier.

On March 31, 2023, Defendant filed a request for sentence reduction with the Warden at FCI Sandstone. ECF No. 187 at 2. As of the signing of this Order, 30 days have lapsed, and thus the Court finds that Booker has properly exhausted administrative remedies and proceeds to the merits of the Motion.

### B.   Extraordinary And Compelling Reasons

Section 3582(c)(1)(A) permits a sentence reduction only upon a showing of "extraordinary and compelling reasons" and only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A). Congress did not provide a statutory definition as to what constitutes "extraordinary and compelling reasons," and instead stated that the Sentencing Commission should provide guidance on what is appropriately considered "extraordinary and compelling reasons" that warrant a sentence reduction. *Aruda*, 993 F.3d at 800.

Prior to the First Step Act, the Sentencing Commission's applicable policy statement was found at U.S.S.G. § 1B1.13.[3] However, as noted by the Ninth Circuit in *United States v. Aruda*, 993 F.3d 797 (9th Cir. 2021), "the Sentencing Commission has

---

[3] Application Note 1 to this Guidelines provision describes four categories of "extraordinary and compelling reasons": (1) Medical Condition of the Defendant; (2) Age of the Defendant; (3) Family Circumstances; and (4) any other extraordinary and compelling reason as determined by the Director of BOP.

4

not updated § 1B1.13 since the First Step Act amended § 3582(c)(1)(A) [in 2018]. The current version of § 1B1.13 refers only to motions filed by the BOP Director, and does not reference motions filed by a defendant as now allowed . . . ." *Id.* As a result, the *Aruda* Court held that Section 1B1.13 is not an "applicable policy statement[]" for motions under 18 U.S.C. § 3582(c)(1)(A) filed by a defendant. *Id.* at 802. The Court therefore may consider the Sentencing Commission's guidance in Section 1B1.13, but the Court is not bound by the Commission's definition of extraordinary and compelling reasons. *Id.*

The Court must determine whether Booker presents extraordinary and compelling reasons justifying his release. Booker argues that because he "continues to experience symptoms caused by the sudden cessation of prescription medication," extraordinary and compelling reasons exist, and the Court should grant his renewed Motion. ECF No. 190 at 1. Mr. Booker states that he has suffered from suicidal ideation in the past and that "dramatic environmental changes," such as incarceration, can be triggering for individuals in Booker's position. ECF No. 180-1 at 3. He states that he did not receive any medication or the use of a C-PAP machine since his self-surrender on March 16 until approximately April 3, and this is "the longest he had been without his medication in seven years." ECF No. 187 at 1. Interrupting his medication "regimen can result in withdrawal symptoms, relapse in depression, and at its worst suicide is a concern." ECF No. 180-1 at 3. The Government does not oppose.

The Court finds that Booker's mental health struggles constitute extraordinary and compelling reasons justifying a twelve-day reduction in his sentence. The Court finds that serious mental health impairments can justify granting a motion for compassionate release, and the Court notes it is not bound by the Sentencing Commission's policy statement or any specific medical condition mentioned therein. *See Wright*, 46 F.4th at 946 (stating that after the Ninth Circuit's *Aruda* decision in 2021 § 1B1.13 cannot be treated as binding on a district court). Although Mr. Booker appears to now have access

to his medication and C-PAP machine, the fact that Mr. Booker endured the first two and a half weeks of his incarceration without access to his medication and C-PAP machine factors heavily in this Court's consideration. Mr. Booker's conditions of confinement were harsher than the Court had anticipated at the time of sentencing, and the sentence reduction is reasonable to compensate for this time. *Cf. United States v. Kramer*, 2023 WL 361092, at *4-5 (N.D. Cal. Jan. 23, 2023) (finding harsh conditions of confinement weighed in favor of granting release and discussing cases in which courts found that unexpected and unanticipated harsh conditions of confinement justified release). Accordingly, the Court finds that Mr. Booker's circumstances are extraordinary and compelling.

### C. § 3553(a) Factors and Public Safety

Before determining if release is warranted, the Court must consider public safety and the Section 3553(a) factors. 18 U.S.C. §§ 3582(c)(1)(A)(ii); § 3553(a). These factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; risk of danger to the community; and the need for the sentence imposed to reflect the seriousness of the offense and provide just punishment. 18 U.S.C. § 3553(a).

Booker was convicted of theft of government property and has one prior misdemeanor conviction for driving with a suspended or revoked license. Although his crime was serious and involved the theft of explosive devices, it is clear to the Court that Booker's crime was committed during a tumultuous period in his life and that he has since significantly improved his life for the better. ECF No. 164 at 11. The Court finds that a twelve-day sentence reduction does not meaningfully undercut the force of the sentence imposed or its deterrent effect.

In addition, the Court finds Booker does not pose a risk of danger to the community. As stated in Defendant's first Motion, he completed a two-year term of pre-trial release "in full compliance." ECF No. 180-1 at 6. He now has a family with two young kids and provides caretaking duties for them. ECF No. 164 at 8.

Because extraordinary and compelling reasons exist, and because his sentence reduction is not contrary to § 3553(a), the Court **GRANTS** Booker's request for sentence reduction.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c) is **GRANTED**. Booker's sentence is reduced to time served, effective immediately, to be followed by one-year supervised release with 180-days home detention. Booker should report by telephone to the U.S. Probation Office in San Diego, California within 24 hours of release from custody.

**IT IS SO ORDERED.**

Dated: May 1, 2023

Hon. Gonzalo P. Curiel
United States District Judge